# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria De La Cruz, | No. CV-26-00205-TUC-JR |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| v. | |
| Mi Nidito Restaurant Incorporated, | |
| Defendant. | |

Plaintiff Maria De La Cruz has filed a Complaint (Doc. 1) and an Application to Proceed In District Court without Prepaying Fees and Costs ("Application") (Doc. 2).

General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, this Court directs this Report and Recommendation to United States District Judge Raner C. Collins. As more fully set forth below, this Court recommends that the district court grant the Plaintiff's Application and dismiss the Complaint with leave to amend.

## I.     Application to Proceed In Forma Pauperis

In her Application, Plaintiff indicates that she has insufficient funds to pay the filing fee for this action. (Doc. 2.) Upon review, the Court agrees and recommends that the district court exercise its discretion and grant Plaintiff in forma pauperis (IFP) status.

## II.     Statutory Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the district court shall dismiss the case "if the court determines

that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief maybe granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Therefore, the district court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005.)

TO state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)."Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

### III.    Improper Service of Unscreened Complaint

As explained above, when a plaintiff files a complaint where in forma pauperis status has been granted, the Court must screen the complaint prior to service. *See* 28 U.S.C. 1915(e)(2). On April 22, 2026, Plaintiff improperly served the Defendant with the unscreened complaint. (*See* Doc. 7.) This is improper.

Further, upon review of the summons used by Plaintiff to improperly serve the Defendant, the summons itself is deficient for various reasons. First, Rule 4 of the Federal Rules of Civil Procedure requires, in part, a summons "be signed by the clerk; and bear the

court's seal." Fed. R. Civ. P. 4(1)(D)(E). Rule 4 describes the proper procedure for obtaining the Court's signature and seal:

> On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

Fed. R. Civ. P. 4(2). Here, the Plaintiff has served the Defendant with a summons neither contains the signature of the Clerk, nor the seal of the Court. (*See* Doc. 7.) This is improper.

Next, the summons is signed by an individual named "Ramiro S. Flores." (Doc. 7) Ramiro S. Flores is not the counsel of record for Plaintiff, nor has he appeared in this action. This is improper.

Finally, because Plaintiff is appearing in forma pauperis, 28 U.S.C. § 1915 and Rule 4(c)(3) of the Federal Rules of Civil Procedure require that the screened complaint be served on the Defendant by a United States marshal or deputy marshal. The Plaintiff serving the complaint herself, and not in accordance with statute or the rules, is also improper.[1]

**Accordingly, Defendant need not respond to Plaintiff's improperly served unscreened complaint.** Plaintiff is further warned that the continued failure to follow court rules and procedures will ultimately result in sanctions, including but not limited to the dismissal of this action with prejudice. *See* Fed. R. Civ. P. 41(b).

## IV.    The Complaint

Plaintiff brings the immediate action under Title VII of the Civil Rights act of 1964 ("Title VII"), Title I of the Americans with Disabilities Act of 1990 ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA") for discrimination, hostile work environment, failure to accommodate, and retaliation in violation of federal law against Defendant Mi Nidito Restaurant Inc. (hereafter "Defendant" or "Mi Nidito"). (Doc. 1 at 1-

---

[1] Alternatively, since the Plaintiff has shown she has resources to serve the defendant without assistance, the district court may, in its discretion, deny Plaintiff IFP status and order her to pay the filing fee.

2.) Plaintiff alleges the Court has original jurisdiction over the Complaint as her claims arise under federal law. (*Id*. at 1.)  Plaintiff alleges venue is proper because the events giving rise to the underlying claims occurred in Tucson, Arizona and Defendant conducts business in the district. (*Id*.) Plaintiff alleges her claims are administratively exhausted. (*Id*. at 2.) Plaintiff alleges that she filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Arizona Division of Civil Rights. (*Id*.)

Plaintiff alleges that she began working for the Defendant in or around 1976 as a sous chef and was promoted in 1980 to sous chef manager. (*Id*., ¶ 8.) During her employment with Defendant, she was diagnosed with a disability.[2] (*Id*., ¶ 9) The Defendant's former owners agreed to accommodate her disability by providing assistants. (*Id*.) In or around April 2024, Edgar Gonzalez became the owner of Defendant and became Plaintiff's supervisor. (*Id*., ¶¶ 10, 11.) Plaintiff informed Gonzalez of her disability and the accommodation that was in place. (*Id*., ¶¶ 11.) Gonzalez acknowledge Plaintiff's request and assured her that he would continue to provide her accommodations. (*Id*., ¶ 12.)

From June 2024 through the end of her employment, Plaintiff alleges that Gonzalez subjected her to different terms and conditions of employment and subjected her to a hostile work environment including: mocking her, making disparaging jokes about her disability, using homophobic slurs, and referring to her as being one of the males. (*Id*., ¶¶ 13, 14.) Plaintiff alleges that Gonzalez did not subject other, younger, non-disabled, males, heterosexual employees to the same hostility or disparagement. (*Id*., ¶ 18.)

At some point, Plaintiff alleges that Gonzalez revoked her accommodations, and when confronted by Plaintiff about it "yelled at her in a disrespectful manner, often using profanity." (*Id*., ¶¶ 16, 17.) On or about October 23, 2024, Gonzalez fired Plaintiff. (*Id*., ¶ 19.) Plaintiff alleges that she was replaced by a younger employee. (*Id*., ¶ 15.)

Plaintiff was 65 years old at all relevant times. (*Id*., ¶ 21.) Plaintiff alleges that Gonzalez terminated her because of her age and disability, as well as in retaliation for

---

[2] Plaintiff does not allege what disability she was diagnosed with.

requesting reasonable accommodation. (*Id.*, ¶ 20.) Plaintiff further alleges that but for her age, disability, sex, and engaging in protected activity,[3] Defendant would not have subjected her to different terms and conditions of employment and a hostile and intimidating work environment, removed her accommodation, retaliated against her, or terminated her employment. (*Id.*, ¶ 22.)

Plaintiff brings four claims against Defendant. (*Id.* at 3, 4.) In Count I, Plaintiff brings an ADA claim alleging disability discrimination, failure to accommodate, and hostile work environment. (*Id.*, ¶¶ 22, 23.) In Count II, Plaintiff brings a retaliation claim under both the ADA and Title VII. (*Id.*, ¶¶ 25, 26.) In Count III, Plaintiff brings an age discrimination claim under ADEA. (*Id.*, ¶¶ 27, 28.) In Count IV, Plaintiff brings a sex discrimination and hostile work environment claim under Title VII. (*Id.*, ¶¶ 29, 30.)

**V.    Analysis**

Prior to commencing a Title VII, ADA, or ADEA action in federal court, a claimant must file a charge of discrimination with the EEOC or proper state agency. *Nelmida v. Shelly Eurocars, Inc.* 112 F.3d 380, 383 (9th Cir.1996) (Title VII and ADA); *Bond v. Wells Fargo Bank, NA*, 782 F.Supp.3d 743, 753 (D. Ariz. 2025) (Title VII and ADEA). If the EEOC declines to pursue the charge on the claimant's behalf within one-hundred eighty days of the filing of the charge, the EEOC will issue a right-to-sue letter. Upon issuance of the right-to-sue letter, claimant has ninety days to file a civil action in court. *Nelmida*, 112 F.3d at 383; 42 U.S.C. § 2000e5(f)(1) (Title VII claims); 42 U.S.C. § 12117(a) (ADA claims); 29 U.S.C. § 626(e) (ADEA claims). This ninety-day period "acts as a statute of limitations," which is "subject to waiver as well as equitable tolling." *Jones v. Wal-Mart Stores, Inc.*, 2007 WL 2808562, at *2 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)).

Here, attached to complaint is a copy of the Plaintiff's "Right to Sue" Letter from the EEOC. (Doc. 1 at 5.) The letter indicates the parties of the that complaint as: "Maria De La Cruz v. El Indio Restaurante Inc." (*Id.*) Nowhere on the letter is the Defendant

---

[3] Plaintiff does not allege what protected activity she engaged in under Title VII.

named, nor is El Indio Restaurante Inc. named as a party in the immediate lawsuit. (*See id.*) This conflicts with Plaintiff's factual allegations and undermines her contention that this lawsuit is timely or that she adequately exhausted her administrative remedies. *Stewart v. Rock Tenn CP, LLC*, 2015 WL 1883910, *10 (D. Or. Apr. 24, 2015). While Plaintiff alleges that she also filed a complaint with the Arizona Civil Rights Division, she did not allege when such complaint was filed. (*See* Doc. 1 at 2.) Therefore, Plaintiff has not pleaded sufficient facts to establish the timeliness of her federal claims, and as such, has failed to state a claim. Accordingly, the undersigned recommends the district court dismiss the complaint without prejudice.

## RECOMMENDATION

As noted, *supra*, General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott and this Court directs this Report and Recommendation to the Honorable Raner C. Collins.

Accordingly, the undersigned **RECOMMENDS** the district judge, after independent review, enter an order **ADOPTING** this Report and Recommendation, and **DISMISSING** Plaintiff's Complaint (Doc. 1) for failure to state a claim without prejudice.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from Judge Collins. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

//
//
//
//
//

**IT IS FURTHER ORDERED DIRECTING** the Clerk of Court to refer this matter to the Honorable Raner C. Collins pursuant to General Order 21-25.

Dated this 5th day of May, 2026.

Honorable Jacqueline M. Rateau
United States Magistrate Judge